USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JOHNNY RODRIGUEZ,                                    :
                                                     :       20-CV-7547 (GBD) (RWL)
                        Petitioner,                  :
                                                     :       **ORDER**
        - against -                                  :
                                                     :
JAMIE LAMANNA,                                       :
                                                     :
                        Respondent.                  :

-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Respondent has filed a letter motion to dismiss the Petition as untimely as set forth in Dkt. 12. The Court accepts the letter as a limited answer to the Petition. Petitioner shall file a response, if any, by **April 15, 2021**. Absent a response, the Court will proceed to resolve the motion.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  March 4, 2021
        New York, New York

Copies transmitted this date to all counsel of record. The Clerk's Office is directed to mail a copy of this Order to Petitioner pro se and note service on the docket:

        Johnny Rodriguez
        DIN No. 13A4026
        Downstate Correctional Facility
        P.O. Box F
        Red Schoolhouse Rd.
        Fishkill, NY 12524



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

CRIMINAL APPEALS & FEDERAL HABEAS BUREAU

March 3, 2021

**By ECF**
Hon. Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Rodriguez v. LaManna*, No. 20 Civ. 7547 (GBD)(RWL)

Your Honor:

I represent the respondent in the above-referenced *pro se* § 2254 habeas action. I write to request permission to limit the answer to the issue of whether the Petition ("Pet.") is untimely. If granted, I request that the Court accept this letter as that limited answer. As explained below, petitioner filed the Petition more than 7 months after expiration of the one-year limitations period. 28 U.S.C. § 2244(d). Moreover, the Petition fails to set forth circumstances under which the Petition could be timely.[1] In the event the Court denies this application, respondent seeks an extension of two weeks from the Court's decision to file a complete answer.

## I.     Procedural History

On 22 separate occasions between April 2011 and March 2012, Johnny Rodriguez ("petitioner") sold cocaine to an undercover New York City Police Department ("NYPD") detective. For all but two of those sales, petitioner was personally present during the sale. Petitioner was also present when, in November

---

[1] As explained in respondent's two requests for extension (ECF #8, 10), there were significant delays obtaining the relevant state court records from the New York County District Attorney's office. As a result, the undersigned did not receive documentation supporting the instant motion until after the most-recent extension request.

Hon. Robert W. Lehrburger
March 3, 2021
Page 2 of 5

2011, he sold the detective a loaded semiautomatic handgun, and when, the following month, he sold the detective a second semiautomatic handgun.

In May 2013, following a jury trial, petitioner was found guilty of 31 offenses, including two first-degree cocaine sales (Penal Law § 220.43(1)), four second-degree cocaine sales (Penal Law § 220.41(1)), one third-degree firearm sale (Penal Law § 265.11(1)), and one attempted third-degree firearm sale (Penal Law §§ 110, 265.11(1)).[2] The trial court sentenced petitioner as a mandatory persistent violent felony offender to an aggregate prison term of 30 years to life, followed by 5 years' post-release supervision ("PRS").

Prior to perfecting a direct appeal, petitioner filed in the trial court a *pro se* post-conviction motion, *see* N.Y. C.P.L. § 440.10, alleging ineffective assistance of trial counsel. The trial court denied the motion without a hearing in September 2016. Petitioner thereafter sought leave to appeal that denial to the Appellate Division, First Department. The First Department granted leave and consolidated that appeal with petitioner's pending direct appeal. After petitioner perfected both appeals, the Appellate Division unanimously affirmed both the conviction and the denial of petitioner's C.P.L. § 440.10 motion. *People v. Rodriguez*, 163 A.D.3d 437 (1st Dep't 2018). Petitioner sought leave to appeal to the New York Court of Appeals, but that Court denied the application by order dated October 18, 2018. *People v. Rodriguez*, 32 N.Y.3d 1067 (2018).

By papers dated January 22, 2020, which petitioner mailed to the New York County Supreme Court on January 23, 2020, petitioner moved pursuant to C.P.L. § 440.20 to vacate his 30-year sentences for first-degree criminal sale of a controlled substance. A copy of that motion is attached hereto as **Exhibit 1**. The court denied that motion on April 20, 2020. A copy of the court's decision is attached hereto as

---

[2] The other convictions were on 15 counts of third-degree criminal sale of a controlled substance (Penal Law § 220.39(1)), 2 counts of second-degree criminally using drug paraphernalia (Penal Law § 220.50(2)), and one count each of third-degree criminal possession of a controlled substance (Penal Law § 220.16(1)), fourth-degree criminal possession of a controlled substance (Penal Law § 220.09(1)), second-degree criminal possession of a weapon (Penal Law § 265.03(3)), attempted second-degree criminal possession of a weapon (Penal Law §§ 110, 265.03(3)), attempted third-degree criminal possession of a weapon (Penal Law §§ 110, 265.02(1)), and resisting arrest (Penal Law § 205.30). The jury found petitioner not guilty of a single count of third-degree weapons possession.

Hon. Robert W. Lehrburger
March 3, 2021
Page 3 of 5

**Exhibit 2**. Petitioner admittedly did not seek leave from the Appellate Division to appeal the denial of his C.P.L. § 440.20 motion. (Pet. at 7 ¶11(d)(3).)[3]

Petitioner filed the instant Petition on September 6, 2020. (Pet. at 24.) The Petition raises four claims: (1) a Sixth Amendment claim based on the trial court's order closing the courtroom during the undercover NYPD detective's testimony; (2) a claim that petitioner was entitled to an adverse inference jury instruction or other remedy based on a loss of evidence caused by Superstorm Sandy; (3) an ineffective assistance of trial counsel claim based on some, but not all, of the grounds raised in state court; and (4) an excessive sentencing claim.

## II.    The Petition is Clearly Untimely

Habeas petitions by those "in custody pursuant to a judgment of a State court" are subject to a one-year limitations period which, as applicable here, runs from the date on which the conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."[4] 28 U.S.C. § 2244(d)(1)(A). Generally, this occurs when a petitioner's time to seek direct review in the United States Supreme Court by writ of certiorari expires. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

Here, the New York Court of Appeals denied petitioner's direct-appeal leave application on October 18, 2018, and petitioner did not seek certiorari from the Supreme Court. Petitioner's state court conviction thus became final ninety days later, on January 17, 2019, when the 90-day window for seeking certiorari expired. 28 U.S.C. § 2244(d)(1)(A); *Williams v. Artuz*, 237 F.3d 147 (2d Cir. 2001); *Feliciano v. Lee*, 18 Civ. 9591 (GHW), 2020 U.S. Dist. LEXIS 155621, at *9 (S.D.N.Y. Aug. 26, 2020). His federal habeas petition was due one year after that, on January 17, 2020. Because petitioner did not file until September 6, 2020, the petition is untimely by more than 7 months, unless statutory or equitable tolling applies. Petitioner fails to make any such showing, however.

---

[3] Citations to docket entries refer to the page numbers generated by ECF appearing in the upper-right corner of each page.

[4] The onset of the limitations period may be delayed where state action creates an impediment to filing any state court application, where the Supreme Court subsequently recognizes a new constitutional right, or where a petitioner has discovered a new factual predicate for a claim that he or she, through due diligence, could not have discovered sooner. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). However, nothing in the Petition suggests that any of these alternative onset dates apply here.

Hon. Robert W. Lehrburger
March 3, 2021
Page 4 of 5

AEDPA's one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, petitioner contends that his C.P.L. § 440.20 resentencing motion tolled the limitations period from August 12, 2019 to April 24, 2020. (Pet. at 23.) But petitioner did not serve and file that motion until January 23, 2020.[5] (Exhibit 1, affidavit of service). Accordingly, petitioner was not entitled to statutory tolling during the pendency of the resentencing motion because it was filed six days after the limitations period expired. A state court motion must be pending during the AEDPA limitations period in order to toll that period. *See Diaz v. Kelly*, 515 F.3d 149, 152 (2d Cir. 2008); *Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005); *Alvarez v. Perez*, 14 Civ. 8088 (VB), 2017 U.S. Dist. LEXIS 40772, at *12 (S.D.N.Y. Mar. 20, 2017). Accordingly, the Petition is untimely.

Equitable tolling of the limitations period is also available, but only if petitioner can demonstrate, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Petitioner bears the burden of establishing that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, petitioner has not met that burden. He alleges no basis for equitable tolling, instead relying exclusively on statutory tolling. (Pet. at 23.)

Nor has petitioner alleged a basis for avoiding the limitations period altogether based on a claim of "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013); *Mattera v. United States*, 16 Civ. 0783 (RJS), 2020 U.S. Dist. LEXIS 27169, at *12-13 (S.D.N.Y. Feb. 18, 2020). Such a claim requires "new evidence" of innocence so compelling that, if heard by the jury, it is "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006); *accord McQuiggin*, 569 U.S. at 386-87 ("tenable actual-innocence gateway pleas are rare"); *Sabir v. United States*, 12 Civ. 8937 (LAP), 2020 U.S. Dist. LEXIS 192391, at *15 n.3 (S.D.N.Y. Oct. 16, 2020). Here, petitioner has not alleged any new evidence of innocence.

Accordingly, for the foregoing reasons respondent respectfully requests permission to limit its response to the issue of timeliness, and that the Petition be dismissed as untimely. In the event the Court denies that motion, respondent seeks a two-week extension from the Court's decision to file a complete answer.

---

[5] This office has conferred with the Clerk's Office of New York County Supreme Court and has been advised that petitioner did not file any motions in August 2019.

Hon. Robert W. Lehrburger
March 3, 2021
Page 5 of 5

      I have not conferred with *pro se* petitioner as he is incarcerated.  Pursuant to 28 U.S.C. § 1746 I declare that, on this date, I caused petitioner to be served with a copy of this letter, including all attachments and copies of all unpublished decisions cited herein, by causing it to be mailed by First-Class United States Mail to the address listed below.

            Respectfully submitted,

            /s/ Matthew Keller
            Matthew Keller
            Assistant Attorney General
            28 Liberty Street
            New York, New York 10005
            (212) 416-6072

cc:    Mr. Johnny Rodriguez    (regular mail)
       DIN No. 13A4026
       Downstate Correctional Facility
       P.O. Box F
       Red Schoolhouse Rd.
       Fishkill, New York 12524

**EXHIBIT 1**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: CRIMINAL TERM: PART 93

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK, | § | NOTICE OF |
| | § | MOTION TO |
| Respondent, | § | SET ASIDE |
| | § | SENTENCE |
| -against- | § | |
| | § | CPL § 440.20 |
| JOHNNY RODRIGUEZ, | § | Ind No. 3051/2012 |
| | § | |
| Defendant. | § | |
| | § | |

Your Honor:

PLEASE TAKE NOTICE that upon the annexed affidavit of Johnny

Rodriguez, a Motion to Set Aside Sentence will be made to the

Supreme Court Justice Ellen N. Biben, located at 100 Centre Street,

New York, New York 10013, on the        day of        , 20   , at

9:30 a.m., for the following relief:

    A) SETTING ASIDE THE SENTENCE UPON THE GROUND THAT
       IT WAS UNAUTHORIZED, ILLEGALLY IMPOSED OR OTHER-
       WISE INVALID AS A MATTER OF LAW WHEN DEFENDANT
       WAS SETENCED TO 30 YRS FOR CRIMINAL SALE OF CON-
       TROLLED SUBSTANCE IN THE FIRST DEGREE DESPITE
       THE FACT THAT DEFENDANT IS NOT A SECOND FELONY
       DRUG OFFENDER PREVIOUSLY CONVICTED OF A VIOLENT
       FELONY OFFENSE. PENAL LAW § 70.71 (4);

RECEIVED

JAN 2 8 2020

SUPREME COURT
CRIMINAL TERM
NEW YORK COUNTY
C.A.P. UNIT/MOTION
SUPPORT UNIT

    B) MODIFYING DEFENDANT'S SENTENCE OF CRIMINAL SALE
       OF CONTROLLED SUBSTANCE IN THE FIRST DEGREE AS
       A FIRST FELONY DRUG OFFENDER. PENAL LAW § 70.71
       (2); AND

    C) FOR AN ORDER GRANTING AN EVIDENTIARY HEARING AS
       AUTHORIZED BY CPL § 440.30[5] IN ORDER TO MAKE
       FINDINGS OF FACT ESSENTIAL TO THE DETERMINATION
       THEREOF.

                         Respectfully submitted,

                         _A. Rod_____
                         Johnny Rodriguez,13A4026
                         Pro se

cc: Cyrus R. Vance, Jr.
    District Attorney's Office
    One Hogan Place
    New York, NY 10013

                         Downstate Correctional Fac.
                         Box F
                         Red Schoolhouse Road
                         Fishkill, NY 12524

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: CRIMINAL TERM: PART 93

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK, | § | AFFIDAVIT IN SUPPORT OF MOTION TO SET ASIDE SENTENCE |
| Respondent, | § | |
| -against- | § | |
| JOHNNY RODRIGUEZ, | § | CPL § 440.20 Ind No. 3051/2012 |
| Defendant. | § | |

STATE OF NEW YORK  )
COUNTY OF DUTCHESS ) SS;

I, Johnny Rodriguez, being duly sworn, deposes and states that:

1. I am the defendant herein, and I am currently incarcerated in the Downstate Correctional Facility, located at Red Schoolhouse Road, Fishkill, New York 12524-0445.

2. I make this affidavit in support of Motion to Set Aside Sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law when I was sentenced to 30 years for Criminal Sale of Controlled Substance in the first degree despite the fact that I am not a Second Felony Drug Offender Previously Convicted of a Violent Felony Offense, as identified in Penal Law § 70.71(4).

3. I seek modification of my sentence of Criminal Sale of Controlled Substance in the first degree as a First Felony Drug Offender, as authorized by Penal Law § 70.71(2).

4. I request an Order Granting an evidentiary hearing as authorized by CPL § 440.30[5] in order to make findings of fact essential to the determination thereof.

1.

5. This affidavit is made upon my personal knowledge and upon information and belief. The sources of my knowledge and the basis of my belief being; (a) my Sentence and Commitment Sheet for the underlying conviction; (b) the Plea Allocution of my 2003 conviction, confirming my status, at the time, as a predicate violent offender.

6. As a pro se litigant, I request that my claims, "however inartfully pleaded" be held "to less stringent standards than formal pleadings drafted by lawyers..." [1]

### FACTUAL BACKGROUND

7. On March 5, 2012, I, Johnny Rodriguez, was indicted along with alleged co-defendant, Roderick Reyes, by a New York County Grand Jury under original indictment number 1009/2012. On March 7, 2012 I was arrested by members of the New York Police Department. I was initially charged with 69 counts of offenses, including Criminal Sales of Firearm, and several possession charges of Controlled Substance.

8. On or about June 29, 2012, the 1009/2012 indictment became superceded by the new 3051/2012 indictment, adding charges against me. I entered a plea of not guilty.

_____

1. Haines v. Kerner, 404 U.S. 519, 520 (1972)

2.

9. On May 10, 2019 I was convicted, after a jury trial, of the relevant charges: two counts of Criminal Sale of a Controlled Substance in the first degree; one count of Criminal Sale of a Firearm in the third degree; one count of Attempted Criminal Possession of a Weapon in the second degree; and, one count of Attempted Sale of a Firearm in the third degree.

10. I was subsequently sentenced, as a persistent violent felony offender, to 30 years to life. I was sentenced to 30 years for the two counts of Criminal Sale of Controlled Substance in the first degree; 25 years to life for Criminal Possession of a Weapon in the second degree, Criminal Sale of a Firearm in the third degree, and Attempted Criminal Possession of a Weapon in the second degree; and, 2 to 4 years for Attempted Criminal Sale of a Firearm in the third degree and Attempted Criminal Possession of a Weapon in the third degree.[2]

## LEGAL ARGUMENT

11. CPL § 440.20(1) provides in relevant part: "At any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally im posed or otherwise invalid as a matter of law." I assert that the 30 year sentence for

2. See Exhibit A

3.

Criminal Sale of Controlled Substance in the first degree was unauthorized.

12. In order to receive a sentence of 30 years for Criminal Sale of Controlled Substance in the first degree, the defendant **must** be a "second felony drug offender previously convicted of a violent offense" as authorized in NY Penal Law § 70.71(4)(b)(i). The term "'second felony drug offender' means a second felony offender as that term is defined in subdivision one of section 70.06 of this article,..."[3]

13. The definition of second felony offender states in relevant part:

> (a) A second felony offender is a person, other than a second violent felony offender as defined in section 70.04, who stands convicted of a felony defined in this chapter, other than a class A-1 felony, after having previously been subjected to one or more predicate felony convictions as defined in paragraph (b) of this subdivision.[4]

I cannot be deemed a second felony offender as defined in NY Penal Law § 70.06(1)(a) because the instant conviction is my first drug offense, and I have been adjudicated as a second violent felony offender in 2003 under my prior conviction's indictment number, 4817/2003.[5] Because I am not a second felony drug offender, and I am a persistent violent felony offender with a first time drug offense, it was objectively unreasonable to sentence me under a criteria that does not apply to me.

3. PL § 70.71 (1)(b)
4. PL § 70.06 (1)(a), emphasis added
5. See Exhibit B, pg 2

14. As a first time drug felony offender <u>I should be sentenced</u> <u>to a range of 8 to 20 years as authorized by NY Penal Law § 70.71</u> <u>(2)(b)(i)</u>. Although there are a dearth of cases on this issue, there are cases that permitted resentencing or modification when the sentence was illegal.[6]

15. Modification of my sentence <u>must</u> be granted. The erroneous and illegal 30 years imposed on me enhances the minimum term of my indeterminate sentence. Under the instant sentence, I would need to complete the 30 years before I am eligible and considered for parole—instead of completing the 25 years.[7]

IN CLOSING, this sentence <u>should be Set Aside</u> and modified for the purpose of allowing me to receive the correct sentencing range for the requisite that I satisfy as a first time drug felony offen-der.

---

6. <u>See</u> People v. Fuller. 119 A.D.2d 692 (2nd Dept. 1986)(sentence of 10 to 20 years imprisonment was illegal and must be vacated because the crime of attempted murder in the second degree is not a class B armed felony); <u>See</u> People v. Coleman, 278 A.D.2d 891 (4th Dept. 2000)(We agree with defendant, however, that the sentence imposed for attempted petit larceny is illegal. The maximum permissible sentence for attempted petit larceny, a class B, is a definite sentence of imprisonment not to exceed three months); <u>See</u> People v. Hill, 302 A.D.2d 958 (4th Dept. 2003); <u>See</u> People v. Inverso, 20 Misc.3d 1107(A)(the court illegally sentenced defendant as a mandatory persistent violent felon on the charge of robbery in the third degree, a non-violent felony, under indictment 7858/93. Accordingly, this court's sentence on the count is vacated and defendant will be produced before this court for resentencing on that count)

7. NY Penal law § 70.40(1)(a)(iii): "A person who is serving one or more than one indeterminate sentence of imprisonment and one or more than one deter-minate sentence of imprisonment, which run concurrently may be paroled at any time after the expiration of the minimum period of imprisonment of the indeterminate sentence or sentences, or upon the expiration of six-sevenths of the term of imprisonment of the determinate sentence or sentences, which-ever is later."

5.

Respectfully submitted,

Johnny Rodriguez, 13A4026
Downstate Correctional Facility
Box F
Red Schoolhouse Road
Fishkill, NY 12524-0445

Sworn to before me on this

22nd day of JANUARY , 20 20

Notary Public

JUANITA CARMICHAEL
Notary Public, State of New York
No. 01CA6122155
Qualified in Dutchess County
Commission Expires Feb. 07, 20 21

6.

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK   ) ss.:
COUNTY OF DUTCH ESS)

___Johnny Rodriguez_____, being duly sworn, deposes and says that:

1. That I am over eighteen years of age and a party to this action.

2. That on the __23__ day of __JANUARY_____, 20_20_, I served upon the following party(ies):

Supreme Court of New York          Cyrus R. Vance, Jr.
New York County                    One Hogan Place
100 Centre Street                  New York, N.Y. 10013
New York, N.Y. 10013

A true copy of the annexed:
CPL § 440.20 (1) Motion to Set Aside Verdict, under Ind. No. 3051/2012
Exhibit A and B enclosed
_____

By depositing the same enclosed in a post paid (Regular Mail/Certified Mail Return Receipt Requested) properly addressed wrapper, in an official depository at the Downstate Correctional Facility, Box F, Fishkill, New York 12524 under the exclusive care and custody of the facility officials, addressed to the above party(ies) that being the address(es) designed for such purposes to be delivered by U.S. Postal Service.

So sworn,

_J. Roch_____

Sworn to before me this

_22nd_ Day of _JANUARY_____, 20_20_

_____J. Carmichael_____
NOTARY PUBLIC

JUANITA CARMICHAEL
Notary Public, State of New York
No. 01CA6122155
Qualified in Dutchess County
Commission Expires Feb. 07, 20_21_

# EXHIBIT



UNIFORM SENTENCE & COMMITMENT

UCS-854(8/2011)

| | |
|---|---|
| **STATE OF NEW YORK** | **Court Part:** 93 |
| **SUPREME COURT, COUNTY OF NEW YORK** | **Court Reporter:** L CASTELLANO |
| **PRESENT: HON MCLAUGHLIN,EDWARD J** | **Superior Ct. Case #:** 03051-2012 |

The People of the State of New York

-vs-

JOHNNY RODRIGUEZ

Defendant

| Accusatory Instrument Charge(s) | | Count # | Law/Section & Subdivision |
|---|---|---|---|
| 1 | CSCS3 | 1 | PL 220.39(01) |
| 2 | CPCS5 | 5 | PL 220.06(05) |
| 3 | CPCS3 | 10 | PL 220.16(01) |
| 4 | CSCS3 | 12 | PL 220.39(01) |

| Male | 05/10/1978 | 07847012M | 65335081Y | Date(s) of Offense: 04/04/2011 | To | 03/07/2012 |
|---|---|---|---|---|---|---|
| Sex | DOB | NYSID #: | Criminal Justice Tracking # | | | |

THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED BY   [  ] **PLEA** OR  [✓] **VERDICT** ] , THE MOST SERIOUS
OFFENSE BEING A  [✓] **FELONY** OR  [ ] **MISDEMEANOR** OR  [ ] **VIOLATION** ] , IS HEREBY SENTENCED TO:

| Crime | Count # | Law/Section & Subdivision | SMF,Hate or Terror | Minimum Period | Maximum Term | Definite / Determinate ** | Post-Release Supervision | CJTN |
|---|---|---|---|---|---|---|---|---|
| 1 CSCS3 | 1 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| 2 CSCS3 | 3 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| 3 CSCS3 | 6 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| 4 CSCS3 | 9 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| 5 CSCS3 | 12 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |

** NOTE: For each DETERMINATE SENTENCE imposed, a corresponding period of POST-RELEASE SUPERVISION MUST be indicated [PL § 70.45].

[✓] Counts                    shall run **CONCURRENTLY** with each other  [✓] Count(s) 78, 79      shall run **CONSECUTIVELY** to count(s) 77
Sentence imposed herein shall run **CONCURRENTLY** with _____ and/or **CONSECUTIVELY** to _____
Sentence imposed herein shall include a **CONSECUTIVE** _____ term of [[ ] **PROBATION** OR  [✓] **CONDITIONAL DISCHARGE** ].
with an Ignition Interlock Device condition, that shall commence upon the defendant's release from imprisonment [PL § 60.21]
[✓] Conviction includes:      **WEAPON TYPE:** _____ and/or **DRUG TYPE:** DANGEROUS DRUG, OPIUM,
Charged as a **JUVENILE OFFENDER**- age at time crime committed: _____ years         Court certified the Defendant as a **SEX OFFENDER** [Cor. L § 168-d]
Adjudicated a **YOUTHFUL OFFENDER** [CPL § 720.20]                                   CASAT ordered [PL § 60.04(6)]
Execute as a sentence of **PAROLE SUPERVISION** [CPL § 410.91]                        SHOCK INCARCERATION ordered [PL § 60.04(7)]
Re-sentenced as a **PROBATION VIOLATOR** [CPL § 410.70]

[✓] As a:   Second  [ ] Second Violent     [ ] Second Drug  [ ] Second Drug w/prior VFO    [ ] Predicate Sex Offender        **FELONY**
            [ ] Predicate Sex Offender w/prior VFO   [ ] Second Child Sexual Assault  [ ] Persistent   [✓] Persistent Violent    **OFFENDER**

Paid  Not Paid  Deferred  (If deferred, court must file written order [CPL §420.40(5)])  Paid  Not Paid  Deferred  (If deferred, court must file written order [CPL §420.40(5)])

| | | | | | | |
|---|---|---|---|---|---|---|
| [✓] | | Mandatory Surcharge | $300.00 | [✓] | Crime Victim Assistance Fee | $25.00 |
| | | Fine | $ | | Restitution | $ |
| [✓] | | DNA Fee | $50.00 | | Sex Offender Registration Fee | $ |
| | | DWI/Other | $ | | Supplemental Sex Off. Victim Fee | $ |

THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF THE:

[✓] NYS Department of Correctional Services (NYDOCS) until released in accordance with the law, and being a person sixteen (16) years or older not presently in the custody of the NYDOCS. (New York City Department of Corrections) is directed to deliver the defendant to the custody of NYSDOCS as provided in 7 NYCRR Part 103.

[ ] NYS Department of Correctional Services (NYDOCS) until released in accordance with the law, and being a person sixteen (16) years or older presently in the custody of NYSDOCS, defendant shall remain in the custody of the NYSDOCS.

[ ] NYS Office of Children and Family Services in accordance with the law, being a person less than sixteen (16) years of age at the time the crime was committed.

[ ] _____ County Jail/Correctional Facility

TO BE HELD UNTIL THE JUDGMENT OF THIS COURT IS SATISFIED.

REMARKS:
CT 1,3,6,9,12,15,18,24,30,36,42,46,61,64,70 RUNS CONCURRENT TO EACH OTHER
CT 21, 27, 67, 72  RUN CONCURRENT TO EACH OTHER
CT 33, 58 CONCURRENT TO 45, 48, 52
54, 57, 74 ,76 CONCURRENT.

Commitment, Order of Protection & Pre-Sentence Report received by Correctional Authority as indicated:

Official Name _____

Shield No. _____

| | | | | |
|---|---|---|---|---|
| Pre-Sentence Investigation Report  Attached: | [ ] Yes | [✓] No | | |
| Order of Protection Issued: | [ ] Yes | [✓] No | [✓] Amended Commitment; /Original Sentence Date: 06/18/2013 | |
| Order of Protection Attached: | [ ] Yes | [✓] No | | |

| 08/13/2013 | NORMAN GOODMAN | by: _____ | | SENIOR COURT CLERK |
|---|---|---|---|---|
| Date | Clerk of the Court | | Signature | Title |

**STATE OF NEW YORK**
**COURT: COUNTY OF NEW YORK**

## UNIFORM SENTENCE & COMMITMENT
### Overflow Sheet

Superior Ct. Case #: 03051-2012

| | |
|---|---|
| **People of the State of New York** | |
| vs. | |
| **JOHNNY RODRIGUEZ** | |

| | |
|---|---|
| Sex: | Male |
| DOB: | 05/10/1978 |
| NYSID: | 07847012M |
| CJTN: | 65335081Y |
| Date of Offense: | 04/04/2011  To: 03/07/2012 |

**The above named defendant having been charged by way of indictment or SCI with:**

| Indictment/SCI Charges: | Count # | Law Section & Subdivision: | Indictment/SCI Charges: | Count # | Law Section & Subdivision: |
|---|---|---|---|---|---|
| CPCS4 | 14 | PL 220.09(01) | CPCS3 | 31 | PL 220.16(01) |
| CPCS3 | 23 | PL 220.16(12) | CSCS1 | 33 | PL 220.43(01) |
| CSCS3 | 24 | PL 220.39(01) | CSCS2 | 39 | PL 220.41(01) |
| CPCS3 | 25 | PL 220.16(01) | CPCS3 | 41 | PL 220.16(12) |
| CPCS4 | 26 | PL 220.09(01) | CSCS3 | 42 | PL 220.39(01) |
| CPCS3 | 28 | PL 220.16(01) | CPCS3 | 43 | PL 220.16(01) |
| CPCS3 | 29 | PL 220.16(12) | CSF3 | 48 | PL 265.11(01) |
| CSCS3 | 30 | PL 220.39(01) | ATT- | 56 | PL 110-265.02(01) |

**The above named defendant having been convicted of the most serious offense being a**

☑ Felony ☐ Misdemeanor ☐ Violation by ☐ Plea ☑ Verdict for the crimes of:

| Crime | Count # | Law/Section & Subdivision | SMF/Hate/ Terrorism | Min. Term | Max. Term | Definite/Determinate | Post Release Supervision | CJTN |
|---|---|---|---|---|---|---|---|---|
| CSCS3 | 15 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| CSCS3 | 18 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| CSCS3 | 24 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| CSCS3 | 30 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| CSCS3 | 36 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| CSCS3 | 42 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| CSCS3 | 46 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| CSCS3 | 61 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| CSCS3 | 64 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| CSCS3 | 70 | PL 220.39(01) | | | | 15 Y (Det) | 3 Y | |
| CSCS2 | 21 | PL 220.41(01) | | | | 17 Y (Det) | 5 Y | |
| CSCS2 | 27 | PL 220.41(01) | | | | 17 Y (Det) | 5 Y | |
| CSCS2 | 67 | PL 220.41(01) | | | | 17 Y (Det) | 5 Y | |

| 08/13/2013 | NORMAN GOODMAN | by: | | SENIOR COURT CLERK |
|---|---|---|---|---|
| Date | Clerk of the Court | | Signature | Title |

# UNIFORM SENTENCE & COMMITMENT
## Overflow Sheet

STATE OF NEW YORK

COURT: COUNTY OF   NEW YORK

Superior Ct. Case #:   03051-2012

People of the State of New York
vs.
JOHNNY RODRIGUEZ

| | |
|---|---|
| Sex: | Male |
| DOB: | 05/10/1978 |
| NYSID: | 07847012M |
| CJTN: | 65335081Y |
| Date(s) of Offense: | 04/04/2011 |

To:   03/07/2012

**The above named defendant having been charged by way of indictment or SCI with:**

| Indictment/SCI Charges: | Count # | Law Section & Subdivision: | Indictment/SCI Charges: | Count # | Law Section & Subdivision: |
|---|---|---|---|---|---|
| CSCS3 | 61 | PL 220.39(01) | CUDP2 | 79 | PL 220.50(03) |
| CPCS3 | 65 | PL 220.16(01) | UPMAR | 80 | PL 221.05(00) |
| CSCS2 | 67 | PL 220.41(01) | CSCS3 | 3 | PL 220.39(01) |
| CPCS5 | 8 | PL 220.06(05) | CSCS3 | 6 | PL 220.39(01) |
| CPCS3 | 13 | PL 220.16(01) | CPCS3 | 7 | PL 220.16(01) |
| CPW3 | 53 | PL 265.02(08) | CSCS3 | 15 | PL 220.39(01) |
| CPCS3 | 59 | PL 220.16(01) | CPCS3 | 16 | PL 220.16(01) |
| CPCS3 | 73 | PL 220.16(01) | CPCS4 | 17 | PL 220.09(01) |

**The above name defendant having been convicted of the most serious offense being a**

[✓] Felony [ ] Misdemeanor [ ] Violation by [ ] Plea [✓] Verdict for the crimes of:

| Crime | Count # | Law/Section & Subdivision | SMF/Hate/ Terrorism | Min. Term | Max. Term | Definite/Determinate | Post Release Supervision | CJTN |
|---|---|---|---|---|---|---|---|---|
| CSCS2 | 72 | PL 220.41(01) | | | | 17 Y (Det) | 5 Y | |
| CSCS1 | 33 | PL 220.43(01) | | | | 30 Y (Det) | 5 Y | |
| CSCS1 | 58 | PL 220.43(01) | | | | 30 Y (Det) | 5 Y | |
| CPW2 | 45 | PL 265.03(03) | | 25 Y | Life | | | |
| CSF3 | 48 | PL 265.11(01) | | 25 Y | Life | | | |
| ATT-CPW 2 | 52 | PL 110-265.03(03) | | 25 Y | Life | | | |
| ATT-CSF 3 | 54 | PL 110-265.11(01) | | 2 Y | 4 Y | | | |
| ATT-CPW 3 | 57 | PL 110-265.02(07) | | 2 Y | 4 Y | | | |
| CPCS3 | 74 | PL 220.16(01) | | | | 15 Y (Det) | 3 Y | |
| CUDP2 | 79 | PL 220.50(03) | | | | 1 year (Def) | | |
| RESARR | 77 | PL 205.30(00) | | | | 1 year (Def) | | |
| CUDP2 | 78 | PL 220.50(02) | | | | 1 year (Def) | | |
| CPCS4 | 76 | PL 220.09(01) | | | | 9 Y (Det) | 3 Y | |

08/13/2013   NORMAN GOODMAN   by: _____   SENIOR COURT CLERK

Date   Clerk of the Court   Signature   Title

# EXHIBIT



Scanned 10/13/16
AJL

Page 1

```
 1   SUPREME COURT          NEW YORK COUNTY
     CRIMINAL TERM              PART 71
 2   - - - - - - - - - - - - - - - - - - - -
     PEOPLE OF THE STATE OF NEW YORK,
 3
                                          INDICTMENT #
 4                                          4817/2003

 5        -against-

 6   JOHNNY RODRIGUEZ,
                              Defendant      Sentence
 7   - - - - - - - - - - - - - - - - - - -

 8                              100 Centre Street
                              New York, New York 10013
 9                              December 17, 2003

10   B E F O R E:

11            THE HONORABLE CAROL BERKMAN, J.S.C.
                    JUSTICE OF THE SUPREME COURT
12
     A P P E A R A N C E S:
13

14   For the People:

15                        ROBERT MORGENTHAU, ESQ.
                     District Attorney New York County
16                        By: A.D.A. Bales, Esq.
                          Assistant District Attorney
17                              (For the People)

18   For the Defendant:

19                        KAREN COLLINS, ESQ.
20                        RUTH YANG, ESQ.
                          New York, New York
21                   (Attorneys for Johnny Rodriguez)

22

23

24           Lourdes Torres-Fuster, Senior Court Reporter
     For:  Retired Senior Court Reporter Howard Sonenson
25
```

JOHNNY RODRIGUEZ - SENTENCE

1        COURT CLERK: Number 20, Jorge Rodriguez and Johnny
2    Rodriguez.
3        MS. COLLINS: Karen Collins and Ruth Yang for Mr.
4    Rodriguez.
5        THE COURT: Johnny Rodriguez has previously been
6    adjudicated a violent predicate felony offender.
7        He is before this Court for sentence on his plea to
8    Attempted Criminal Possession of a Weapon in the
9    third-degree.
10       People wish to be heard?
11       A.D.A. BALES: No, your Honor.
12       THE COURT:  Counsel.
13       MS. YANG: I rely on the negotiated promise.
14       However, Mr. Rodriguez did request if you would
15   consider allowing him to stay execution until after the
16   holidays so his family can visit him at Rikers.
17       THE COURT:  Anything you want to say, Mr. Rodriguez,
18   before sentence is pronounced?
19       THE DEFENDANT: No.
20       THE COURT:  Mr. Rodriguez is sentenced to a term of
21   four years in state prison.
22       He forfeited all that bail.
23       I decline to stay execution of sentence.
24       Assessment is imposed.
25       Advise him of his right to appeal.

Lourdes Torres-Fuster, Senior Court Reporter

JOHNNY RODRIGUEZ - SENTENCE

Pg. 3

1          With regard to Jorge Rodriguez.

2          A.D.A. BALES: The People will not be representing this

3     case to the Grand Jury.

4          I have a motion to dismiss the felony complaint.

5          THE COURT:    Basically dismissed.

6          ********************************

7               (Proceedings were concluded)

8

9

10

11

12

13          I, Lourdes Torres-Fuster, Senior Court Reporter hereby

14     certify the foregoing to be a true and accurate transcript

15     of the original stenographic record of Retired Senior Court

16     Reporter Howard Sonenson in the above proceedings.

17

18                                        10·7·16

19                              Lourdes Torres-Fuster,

20                              Senior Court Reporter

21

22

23

24

25

**EXHIBIT 2**

# Supreme Court
## of the
## State of New York

## Part 75 - New York County

---

The People of the State of New York

**INDICTMENT: 3051-2012**

-against-

**MOTION FOR CPL §440.20**

**JOHNNY RODRIGUEZ,**

Defendant

**CALENDAR DATE:** April 24, 2020

---

**ORDERED** that upon the papers submitted, this motion is hereby

GRANTED _____

DENIED \_\_\_\_✓_____

Date: \_\_\_\_4/20/20_____   Hon._____

HON. R. MANDELBAUM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: CRIMINAL TERM: PART 75
------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK   :

              -against-                   :        DECISION AND ORDER

JOHNNY RODRIGUEZ,            :        Ind. No. 3051/2012

                  Defendant.        :
------------------------------------------------------------X

ROBERT M. MANDELBAUM, J.:

        Defendant was lawfully sentenced as a class A second felony drug offender (see

Penal Law § 70.71 [1] [b], [4] [a]), which means a second felony offender as defined in Penal

Law § 70.06 (1) who stands convicted of a class A drug felony (see Penal Law § 70.71 [1] [b]).

Under Penal Law § 70.06 (1) (a), a second felony offender is a person who stands convicted of a

felony after having previously been subjected to one or more predicate felony convictions.  That

a second felony offender is further defined as a person "other than a second violent felony

offender as defined in [Penal Law § 70.04]" (id.) serves only to distinguish the authorized prison

sentences for violent predicate felons from nonviolent ones, and does not, as defendant argues,

mean that a class A felony drug offender whose predicate felony conviction was violent must be

sentenced merely as a first felony offender, whereas only one whose predicate felony was

nonviolent, and therefore less serious, is subject to enhanced sentencing as a second felony

offender.  That defendant misreads the statutory scheme is conclusively established by Penal

Law § 70.71 itself, which expressly contemplates second felony drug offender status for both

those "whose prior felony conviction was not a violent felony" (Penal Law § 70.71 [3] [a]) and

those "whose prior felony conviction was a violent felony" (Penal Law § 70.71 [4] [a]).

1

Accordingly, defendant's motion to set aside the sentence is denied.

This opinion shall constitute the decision and order of the court.

Dated:     April 20, 2020
           New York, New York

                                    ROBERT M. MANDELBAUM
                                    Acting Justice of the Supreme Court

2