UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

JOHNNY RODRIGUEZ,

                Petitioner,

    -against-

JAMIE LAMANNA,

                Respondent.

------------------------------------x

MEMORANDUM DECISION AND ORDER

20 Civ. 7547 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

    In a petition dated September 6, 2020, Johnny Rodriguez, appearing *pro se*, filed a petition for a writ of habeas corpus challenging his 2013 conviction and sentence in New York State Supreme Court, New York County. (Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1.) Rodriguez asserts that certain rulings by the trial court and alleged evidentiary defects at trial violated his Constitutional rights. (*Id.* at 8–9, 12, 15–16, 18–19.)

    On September 24, 2021, Magistrate Judge Lehrburger, to whom the matter had been referred, issued a Report and Recommendation recommending that Rodriguez's Petition be dismissed. (Report and Recommendation ("Report"), ECF No. 22, at 10.) Magistrate Judge Lehrburger concluded that Rodriguez had failed to file his Petition within twelve months of the date his judgment and conviction became final under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), and that the Petition was therefore time-barred. (*Id.* at 7.)

    Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 10–11.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I.     STANDARD OF REVIEW

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

## II.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On June 24, 2013, after a jury trial, Rodriguez was convicted in Supreme Court, New York County on thirty-one drug- and firearm- related charges, including, among others, two first-degree cocaine sales in violation of New York Penal Law ("NYPL") § 220.43(1), four second-degree cocaine sales in violation of NYPL § 220.41(1), one third-degree firearm sale in violation of NYPL § 265.11(1), and one attempted third-degree firearm sale in violation of NYPL §§ 110, 265.11(1). (Petition at 1; Respondent's Motion to Dismiss Petition ("Mot. to Dismiss"), ECF. No. 14, at 2); *People v. Rodriguez*, 163 A.D.3d 437, 437 (1st Dep't 2018). The trial court sentenced Rodriguez, as a mandatory persistent felony offender, to an aggregate prison term of thirty years to life. (*Id.*)

Approximately three years later, in June 2016, Rodriguez filed a *pro se* post-conviction motion pursuant to New York Crim. Proc. Law ("C.P.L.") § 440.10, alleging ineffective assistance of counsel. (Petition at 6.) The trial court denied this motion, and Rodriguez appealed to the First Department. (*Id.*) Rodriguez also filed a direct appeal of his conviction. (*Id.* at 2.) The First Department consolidated Rodriguez's two appeals and, by decision dated July 10, 2018,

2

unanimously affirmed both Rodriguez's conviction and the trial court's denial of his Section 440.10 motion. *Rodriguez*, 163 A.D.3d at 437–38. The New York Court of Appeals denied Rodriguez leave to appeal the First Department's decision on October 18, 2018, *see People v. Rodriguez*, 32 N.Y.3d 1067 (N.Y. 2018), and Rodriguez did not seek a writ of certiorari from the United States Supreme Court, (Report at 6). Then, on January 23, 2020, Rodriguez filed another motion, this one pursuant to C.P.L. § 440.20, seeking vacatur of his sentence. (Petition at 20; Mot. to Dismiss at 7–22.) The Supreme Court, New York County denied the motion on April 20, 2020. (Petition at 21; Mot. to Dismiss at 24–26.)

Rodriguez filed the instant Petition on September 6, 2020. (Petition at 24.) On March 9, 2021, Respondent moved to dismiss the Petition as time-barred. (Mot. to Dismiss at 3.) By Report and Recommendation dated September 24, 2021, Magistrate Judge Lehrburger concluded that the Petition was untimely and granted Respondent's motion. (Report at 5–10.)

### III.    RESPONDENT'S MOTION TO DISMISS IS GRANTED

#### A.    The Petition was Filed More Than One Year After the Statute of Limitations Set Forth in the AEDPA Expired

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244, sets a one-year statute of limitations for the filing of federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1). In most cases, including this one, the AEDPA's one-year limitations period begins to run on the date on which a petitioner's state conviction becomes final. *See Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)(A)). A conviction is considered final once "the judgment of conviction [has been] rendered, the availability of appeal exhausted, and the time for petition for certiorari [] elapsed." *Teague v. Lane*, 489 U.S. 288, 295 (1989) (citation omitted); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001), *Bowles v. Russell*, 551 U.S. 205, 212 (2007). A petition for a writ of certiorari seeking review of a judgment of a

3

lower state court must be filed with the United States Supreme Court within ninety days after entry of the judgment in question. Sup. Ct. R. 13(1).

As Magistrate Judge Lehrburger correctly concluded, because Rodriguez did not petition the United States Supreme Court for certiorari, his conviction became final on January 17, 2019, *i.e.*, ninety days after the New York Court of Appeals denied Rodriguez leave to appeal on October 18, 2018. (Report at 7.) Accordingly, Rodriguez had until January 17, 2020 to file his § 2254 petition in federal district court. Because Rodriguez did not file his Petition until September 6, 2020—nearly ninth months after the one-year limitations period expired—the Petition is untimely.

## B.  Rodriguez's C.P.L. § 440.20 Application Did Not Toll the Statute of Limitations

Judge Lehrburger also correctly concluded that statutory tolling does not apply. The AEDPA's tolling provision provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). As noted above, Rodriguez filed a collateral motion to vacate his sentence pursuant to C.P.L. § 440.20 on January 23, 2020. (Petition at 20; Mot. to Dismiss at 7–22.) By that date, one year and six days had already elapsed from the commencement of the AEDPA's one-year limitations period. Thus, the statute of limitations expired before Rodriguez filed his Section 440.20 application. Because a state-court collateral attack on a conviction cannot toll an already-expired limitations period, Judge Lehrburger correctly concluded that the AEDPA's tolling provision cannot save Rodriguez's Petition. (Report at 7–11 (collecting cases).)[1]

---

[1] Although Rodriguez does not claim either equitable tolling or actual innocence, this Court has reviewed and concurs with Judge Lehrburger's determinations that this situation does not present any "extraordinary" circumstances that merit equitable tolling, and that Rodriguez has not brought forth any new evidence of innocence. (Report at 8–10.)

4

## IV. CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court ADOPTS Magistrate Judge Lehrburger's Report in its entirety. Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1), is DENIED.

The Clerk of the Court is directed to close this case.

Dated: June 29, 2022
      New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

5